UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
JOSEPH A. FERRARA, SR., FRANK H. FINKEL,
MARC HERBST, DENISE RICHARDSON,
THOMAS F. CORBETT, THOMAS GESUALDI,
LOUIS BISIGNANO, MICHAEL O'TOOLE,           Case No.
MICHAEL C. BOURGAL and DARIN JEFFERS,       17-CV-7450 (ADS)(AKT)
as Trustees and Fiduciaries of the Local 282
Pension Trust Fund,

                Plaintiffs,

      - against -

HAPPY TIME TRUCKING, LLC a/k/a HAPPY TIME
TRUCKING, INC., T.E.V. CORP., and JOHN DOE
COMPANIES 1-99

                Defendants.
-------------------------------------------------------------------x

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

RONALD L. TOBIA, ESQ. (RT9775)
OTHIAMBA N. LOVELACE, ESQ. (OL8850)
CHIESA SHAHINIAN &
GIANTOMASI PC
ONE BOLAND DRIVE
WEST ORANGE, NJ 07052
(973) 325-1500
ATTORNEYS FOR DEFENDANTS

4818-1302-6714.v1

00880633.1

Defendants Happy Time Trucking, LLC a/k/a Happy Time Trucking, Inc. ("Happy Time") and T.E.V. Corp. ("TEV," with Happy Time, the "Companies"), hereby submits this memorandum of law in opposition to Plaintiffs', the Trustees and fiduciaries (the "Trustees") of the Local 282 Pension Trust Fund (the "Fund"), motion for summary judgment against.

## LEGAL ARGUMENT

### A. Standard of Review

Summary judgment is only appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if a reasonable jury could hold in the non-movant's favor on that issue. Anderson v. Liberty Lobby, 477 U.S. 242, 247-8 (1986). A fact is material if a dispute about it could affect the outcome. Id. In deciding whether a genuine issue of material fact exists, the Court must review the underlying facts and draw all reasonable inferences in favor of the non-moving party. Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995). Even if a non-moving party has failed to establish a triable factual issue, a Court should only grant summary judgment where "appropriate." Fed. R. Civ. P. 56(e). Accordingly, the case must be evaluated on its merits, and summary judgment may be granted only if the movant is entitled to judgment as a matter of law. Anchorage Associates v. Virgin Islands Bd. of Tax Rev., 922 F.2d 168, 175 (3dCir.1989).

For the reasons herein, Plaintiffs' motion for summary judgment fails as a matter of law.

### B. TEV Is Not A Signatory Of A Collective Bargaining Agreement With Local 282

The Fund's claim against TEV seeking withdrawal liability fails because TEV has not signed a collective bargaining agreement ("CBA") with Local 282 and has never had any obligation to contribute to the Fund. It is will settled an employer becomes obligated to make contributions

when it has signed a collective bargaining agreement. Olivieri v. P.M.B. Const., Inc., 383 F. Supp. 2d 393, 398 (E.D.N.Y. 2005); Hardy v. Kaszycki & Sons Contractors, Inc., 870 F.Supp. 489, 494 (S.D.N.Y.1994).

The Multiemployer Pension Plan Amendments Act ("MPPAA") is an amendment to Employee Retirement Income Security Act ("ERISA") which "imposes liability on employers who withdraw from multiemployer pension funds for their proportionate share of unfunded vested benefits." Olivieri, 383 F. Supp. 2d at 403; Central States, Southeast and Southwest Areas Pension Fund v. Central Transport, Inc., 85 F.3d 1282, 1285 (7th Cir.1996). The term "employer" under the MPPAA has been defined as a "person who is obligated to contribute to a plan either as a direct employer or in the interest of an employer of the plan's participants." Olivieri, 383 F. Supp. 2d at 403; Korea Shipping Corp. v. New York Shipping Ass'n–Int'l Longshoremen's Ass'n Pension Fund Trust, 880 F.2d 1531, 1537 (2d Cir.1989).

The Eighth Circuit Court of Appeals has acknowledged that parties can only be employers under the MPPAA, and therefore subject to withdrawal liability, if "*they were contractually bound to make pension contributions*, either in collective bargaining agreements, general cargo agreements, or shipping association agreements." Seaway Port Auth. of Duluth v. Duluth-Superior ILA Marine Assoc. Restated Pension Plan, 920 F.2d 503, 509 (8th Cir. 1990) (emphasis in original). Courts have in the past generally refused to expand the definition of employer under ERISA to include entities which were not a party to the collective bargaining agreement under which suit is brought. Olivieri, 383 F. Supp. 2d at 404-405.

Here, TEV is not a signatory to a collective bargaining agreement with Local 282, and thus has never had an obligation to contribute to the Fund. As a result, TEV is not an employer

under the MPPAA because it has never been obligated to make payments to the Fund. TEV has been a non-union employer since its inception and it would be in equitable to impose a $2.7 million withdrawal liability on a company that has never had any obligation to make payments to the Fund and never could have anticipated that it would incur such a liability.

For example, TEV specializes in the hauling of salt on private projects while Happy Time specialized in the hauling of contaminated soil on union jobs. Adler Decl.  Ex. S (Ant. Vaughan tr. 24:19- 26:3). TEV also had separate drivers that never worked for Happy Time, however, there were some drivers that worked for both companies at one point in time.  Adler Decl.  Ex. S (Ant. Vaughan tr. 11:1-10).

Since TEV never signed a CBA with Local 282, it cannot be held responsible for paying withdrawal liability allegedly incurred by Happy Time. Such a result would violate the basic principles of contract formation and would be inequitable in light of the $2.7 million judgment being sought by the Fund in this case.

### C. Since TEV Has Not Signed The CBA, It Had No Obligation To Submit To Arbitration

While the Fund argues that TEV waived its right to defend itself in this litigation because it did not "demand arbitration," that fact is that TEV has no obligation to arbitrate this dispute because it is not a signatory to a CBA that would require it to submit to arbitration.  In New York, it is well settled law that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." FSP, Inc. v. Societe Generale, 350 F.3d 27, 30 (2d Cir. 2003); Merrill Lynch Inv. Managers v. Optibase, Ltd., 337 F.3d 125, 131 (2d Cir. 2003) ("Arbitration is a matter of contract; so "a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit"); N.J. Regional Council of Carpenters v. Jayeff Constr. Co., 495 Fed. Appx. 230, 233 (3d Cir. 2012) ("arbitration

is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit") (quoting United Steelworks of Amer. v. Warrior & Gulf Nav. Co., 363 U.S. 574, 582 (1960)).

Moreover, "[u]nless the parties clearly and unmistakenly provide otherwise, the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator." Jayeff Constr. Co., 495 Fed. Appx. at 233. "Ordinarily, binding a non-signatory to a CBA runs afoul of the fundamental premise that a party cannot be required to submit to arbitration any dispute which he has not agreed to so submit." Local Union No. 38, Sheet Metal Workers' Int'l Ass'n, AFL-CIO v. Custom Air Sys., Inc., 357 F.3d 266, 268 (2d Cir. 2004). There is a point where an employer's connection with a fund is so attenuated as to support a defense that it is not an 'employer' and thus not obligated to submit to arbitration. ILGWU Nat'l Retirement Fund v. Levy Bros. Frocks, Inc., 846 F.2d 879, 886 (2d Cir. 1988).

For example, in Merrill Lynch Inv. Managers v. Optibase, Ltd., the Court denied the enforcement of an arbitration agreement upon a non-signatory despite claims that the non-signatory had agreed to the arbitration agreement through its signed agents. 337 F.3d at 131. Also, in Sea Trade Co., the Court refused to bind a bank customer to an arbitration agreement that was not explicitly contained in the documents signed by the customer. 2007 WL 1288592, at *4.  Likewise, in Local Union No. 38, Sheet Metal Workers' Int'l Ass'n, AFL-CIO, the court refused to enforce the arbitration provisions of a CBA against the employer since it was not a signatory of the CBA and the union had failed to prove that the employer was an alter ego of a signatory to the CBA. 357 F.3d at 268.

Based on the case law cited herein, TEV argues that it has not waived its ability to contest the validity of the $2.7 million withdrawal liability claim asserted against it because it was not

5

contractually obligated to submit to arbitration. It is undisputed that TEV never signed a CBA with Local 282. It is further undisputed that TEV did not work on union projects and never indirectly agreed to be bound by the arbitration provisions in the CBA. It is now improper for the Fund to hold TEV liable for withdrawal liability because it did not participate in an arbitration that it was not obligated to participate in.

### D. Defendants Are Not Part Of A Controlled Group And Have Different Owners

TEV should not be held liable for Happy Time's alleged withdrawal liability because it is not part of the control group. In order to establish that the Defendants are part of the same controlled group, the Fund must demonstrate that the companies: (1) have the same five or fewer persons who own, singly or in combination, a controlling interest (defined as at least eighty percent of the voting power or total value of stock) of each organization; and (2) taking into account the ownership of each such person only to the extent such ownership is identical with respect to each such organization, such persons are in effective control (defined as more than fifty percent of the voting power or value of the stock) of each organization. IRC §§ 414(b), (c) and 1563(a).

Here, TEV is not part of a controlled group with Happy Time because the two owners of Happy Time do not have at least eighty percent of the voting power or total value of stock in TEV. For example, Happy Time is owned equally by Anthony Vaughn and Christopher Vaughn. Adler Decl. Ex T. (C. Vaughan Tr. 15:16-24; 16:8-10; 81:2-5; Levant Tr. 23:6-13; 25:23-25). However, Angela Vaughan is a 48% owner of TEV, and Anthony and Christopher are both 26% owners of TEV. 56.1 Smt. ¶¶ 10-12. As such, Anthony and Christopher Vaughn do not hold a controlling interest, or at least eighty percent of the voting power or total value of TEV's stock. The mere fact that Angela Vaughan does not exercise her voting power on a regular basis does

not change the fact that she owns 48% of the voting power of TEV. As a result, Defendants submit that TEV is not part of a controlled group with Happy Time. IRC §§ 414(b), (c) and 1563(a).

### E. Happy Time And TEV Are Not Alter Egos/Single-Employers

TEV may not be held liable for Happy Time's withdrawal liability because TEV is not an alter ego of Happy Time and they are not single-employers. It is undisputed that TEV specialized in hauling salt for private entities while Happy Time hauled contaminated dirt for union jobs. At most, TEV may have engaged in activities that could be considered that of a joint employer with Happy time, but not a single employer. TEV does not concede that it was a joint employer with Happy Time. Case law considering joint employer status demonstrate that such a status does not create an obligation for the joint employer to contribute to a pension fund, thus, such a status does not make TEV an employer that can be subjected to withdrawal liability pursuant to the MPPAA. Cent. States, Se. & Sw. Areas Pension Fund v. Norfolk S. Ry. Co., No. 16-CV-708, 2019 WL 1929718, at *12 (W.D.N.Y. May 1, 2019).

The doctrine of joint employer status, as developed under the Fair Labor Standards Act and the National Labor Relations Act, recognizes that a worker may have more than one employer. Zheng v. Liberty Apparel Co., 355 F.3d 61, 66 (2d Cir.2003) ("The regulations promulgated under the FLSA expressly recognize that a worker may be employed by more than one entity at the same time.") (citing 29 C.F.R. § 791.2 (2003)). Furthermore, whether a company has sufficient control over the work of employees to qualify as a joint employer is essentially a factual issue. International House v. NLRB, 676 F.2d 906, 912 (2d Cir.1982).

The testimony adduced in this matter demonstrates that the companies had separate business addresses, paid their drivers separately and they had different owners. TEV and Happy

Time also performed different types of services, for example, TEV primarily hauls salt while Happy Time primarily hauled contaminated dirt when it was operational. Additionally, TEV works on private projects while Happy Time worked primarily on union projects. While there may be some overlap between the employees of the two companies, they are not single employers and TEV cannot be held liable for the withdrawal liability of Happy Time.

## **CONCLUSION**

For the reasons herein, this Court should deny Plaintiffs' motion for summary judgment.

Respectfully,

*/s/ Ronald L. Tobia*

Ronald L. Tobia
Member of the Firm

June 17, 2019